UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MAYO CLINIC,                                                                 Case No. 20-CV-2175 (PJS/BRT)

          Plaintiff,

v.                                                                                      ORDER

SECURITY HEALTH PLAN OF
WISCONSIN, INC., SECURITY
ADMINISTRATIVE SERVICES, LLC,
SIMPLICITY CREDIT UNION, and
SIMPLICITY CREDIT UNION EMPLOYEE
HEALTH BENEFIT PLAN,

          Defendants.

      Timothy J. Henkel and D. Scott Erickson, D.S. ERICKSON & ASSOCIATES, PLLC, for plaintiff.

      Nicole M. Moen and William T. Wheeler, FREDRIKSON & BYRON, P.A., for defendants Security Health Plan of Wisconsin, Inc., and Security Administrative Services, LLC.

      David W. Asp, Susan E. Ellingstad, and Jennifer Jacobs, LOCKRIDGE GRINDAL NAUEN PLLP, for defendants Simplicity Credit Union and Simplicity Credit Union Employee Health Benefit Plan.

      This matter is before the Court on the motion of defendants Simplicity Credit Union and Simplicity Credit Union Employee Health Benefit Plan (collectively "Simplicity") to dismiss the claims of plaintiff Mayo Clinic ("Mayo") for breach of contract, breach of the covenant of good faith and fair dealing, and violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.  The

Court held a hearing on the motion on December 18, 2020.  For the reasons stated on the record at that hearing, Simplicity's motion is granted and Mayo's claims against Simplicity are dismissed without prejudice.  To briefly summarize:

Mayo's claims alleging breach of contract and breach of the covenant of good faith and fair dealing both seek to enforce the Master Agreement executed by Mayo and Security Health Plan of Wisconsin, Inc. ("Security").  However, Mayo has not alleged a plausible basis for holding Simplicity liable under the Master Agreement.  Mayo's complaint is premised on the presumed existence of an agreement between Security and Simplicity binding Simplicity to the terms of the Master Agreement.  The complaint's allegation that such an agreement exists is implausible, however, as the complaint pleads no facts supporting the presumption.  (Moreover, it now appears undisputed that no such agreement exists.)

Mayo also alleges that Simplicity is bound by the Master Agreement because Security signed the Master Agreement on Simplicity's behalf as Simplicity's agent.  In other words, Mayo alleges that Simplicity itself is a party to the agreement.  The Court finds that this is not a plausible reading of the Master Agreement, which nowhere identifies Simplicity as a party to the agreement and which is executed by Security in its own name.[1]  *See* ECF No. 26.  Further, Mayo has not plausibly alleged that Security has

---

[1]The Court's consideration of the Master Agreement does not convert Mayo's
(continued...)

authority to enter into binding agreements on Simplicity's behalf—particularly agreements such as the Master Agreement, which would arguably require Simplicity to act contrary to the documents governing its ERISA plan and in breach of its fiduciary obligations.

Finally, Mayo confirmed at oral argument that it does not object to dismissal without prejudice of its ERISA claim against Simplicity.

ORDER

Based on the foregoing, on all of the files, records, and proceedings herein, and for the reasons stated on the record at the December 18, 2020 hearing, IT IS HEREBY ORDERED THAT:

1. The motion of defendants Simplicity Credit Union and Simplicity Credit Union Employee Health Benefit Plan to dismiss [ECF No. 11] is GRANTED.

---

[1](...continued)
motion to dismiss into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d) because the Master Agreement is clearly embraced by the complaint. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) ("[M]aterials embraced by the complaint include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." (citation and quotation marks omitted)).

2. Plaintiff Mayo Clinic's claims against Simplicity Credit Union and Simplicity Credit Union Employee Health Benefit Plan are DISMISSED WITHOUT PREJUDICE.

Dated:  December 18, 2020                              s/Patrick J. Schiltz
                                                       Patrick J. Schiltz
                                                       United States District Judge